# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JOSIAH WILLIAMS,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. 12-CV-1028-LRR<br>No. 05-CR-1014-LRR<br><br>**ORDER** |

_____

The matter before the court is Josiah Williams's ("the movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 1). The movant filed the motion on October 3, 2012.[1] On February 26, 2013, the court directed the government to brief the claims that the movant included in the motion. *See* February 26, 2013 Order (civil docket no. 2). On March 6, 2013, Jane Kelly, the movant's attorney at his arraignment, filed an affidavit stating that because she represented the movant only at his arraignment, she has no knowledge about his ineffective assistance of counsel claim with respect to his plea hearing. Kelly Affidavit (civil docket no. 3). On April 24, 2013, Eric Tindal filed an affidavit. Tindal Affidavit (civil docket no. 4). On April 26, 2013, the government filed a resistance to the motion (civil docket no. 5). On May 9, 2013, the movant filed a reply to the resistance (civil docket no. 6).

---

[1] In the motion and brief in support of the motion (civil docket no. 1-1), the movant alleges that he received ineffective assistance because Eric Tindal, the movant's attorney after arraignment and through trial, failed to establish an adequate factual basis when the movant attempted to plead guilty to Count 1 of the Indictment. In addition, the movant argues that he is entitled to relief pursuant to the Fair Sentencing Act, which he contends should be applied retroactively.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively

demonstrates that the movant is not entitled to the relief sought.  Specifically, it indicates that the movant's assertions fail because counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment.  As such, the court finds no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the motion for the reasons stated in the government's resistance.  The government's brief adequately sets forth the law that is applicable to the facts in the movant's case.  Specifically, the government correctly concluded that the movant's ineffective assistance of counsel claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that dismissing the movant's claims comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).  The movant's claims do not justify relief.

Further, the court appropriately sentenced the movant.  The court's application of the advisory sentencing guidelines violates no constitutional right.  *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) (finding challenges based on the Fifth Amendment and the Sixth Amendment to be unavailing because sentence-enhancing facts need only be found by a preponderance of the evidence and uncharged relevant conduct may be considered so long as the sentence

does not exceed the statutory maximum for the offense); *cf. Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013) (requiring a jury to find facts that increase a mandatory minimum sentence beyond a reasonable doubt).

In addition, the court concludes that counsel's conduct fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Thus, the movant has failed to establish an ineffective assistance of counsel claim. *See id*. at 687 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013) ("To succeed on a claim of ineffective assistance of trial counsel, a defendant must prove 1) [the defendant's] attorney's performance was . . . deficient . . . and 2) [the defendant] suffered such prejudice stemming from the deficient performance there is a reasonable probability the proceeding would have had a different result." (citing *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001))).

The movant attempted to plead guilty to Count I of the Indictment (criminal docket no. 1) on September 12, 2005. *See* September 12, 2005 Minute Entry (criminal docket no. 15); Transcript of Plea Hearing (criminal docket no. 76-1). The Indictment charged the movant with distributing and aiding and abetting the distribution of crack cocaine within one thousand feet of a school. The court decided that the movant did not admit the elements of the offense at the plea hearing and thus the movant did not provide a factual basis for the guilty plea. The Eighth Circuit Court of Appeals agreed. *United States v. Williams*, 557 F.3d 556, 560 (8th Cir. 2009). The movant proceeded to trial, where the movant testified on his own behalf, and the jury convicted him. *See* Jury Verdict (criminal docket no. 36).

In the motion and brief in support of the motion, the movant makes several specific claims to support his contention that the court should vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. First, the movant claims that Tindal was ineffective when he failed to establish a factual basis sufficient for the court to accept the movant's guilty plea at the change of plea hearing. The relevant exchange at the change of plea hearing was:

> THE COURT: Let's turn our attention, then, to whether you are guilty. Tell me in your own words what you did on October 3, 2003, that makes you guilty of this offense.
>
> THE DEFENDANT: I received a phone call from Barb Sherrette (phonetic) asking about some marijuana, and I agreed to meet and send it to him, and I was there when the crack cocaine was sold also.
>
> THE COURT: And did you participate in that sale?
>
> THE DEFENDANT: Yeah, part of. Aiding and abet, yes.
>
> THE COURT: Okay, and in what way did you assist; did you get the people to come to that transaction?
>
> THE DEFENDANT: Yeah.
>
> . . . .
>
> THE COURT: In that factual basis for the plea, Mr. Williams, it says that once you were—you and the police officer were at the apartment where the crack was sold, it says that you placed an ounce of crack on the arm of the couch near Officer Simmons, Darryl Simmons, and asked for $1,500. Then Officer Simmons stated the deal was supposed to be for $1,400, and you accepted that money; is that true as well?
>
> THE DEFENDANT: No.

5

THE COURT: And what about that is not right?

THE DEFENDANT: I didn't place the stuff on—I didn't place it on the couch, and I didn't receive the money. I only received $200 out of the $1,400.

THE COURT: And what did you get the $200 for?

THE DEFENDANT: An ounce of reefer.

THE COURT: I don't think that supports a factual basis for this plea.

[THE GOVERNMENT]: He's talked about marijuana, and I guess he talked about crack cocaine, so I tend to agree with the Court.

MR. TINDAL: Your Honor, if I may have a few moments to discuss this with my client.

THE COURT: Yeah, I think so. I mean if you're innocent of this thing, let's go to trial. That's what trials are for. We'll discuss what a trial will involve in a few minutes here, but guilty pleas and getting the benefit of acceptance of responsibility, a lower sentence, is for people who agree that they've done something wrong, and if you were just simply there while other people were selling crack cocaine, then there's a defense for people who are merely present, and that defense might be for you at a trial, but if you want to plead guilty, I need to know what you did that causes you to be guilty. So I want you to visit with Mr. Tindal. Just tell the clerk when you're ready.

(A recess was taken.)

THE COURT: Mr Tindal, we aren't going to be able to achieve a factual basis?

MR. TINDAL: I believe that's accurate, Your Honor.

6

Transcript of Plea Hearing at 3-4. To establish a factual basis for the guilty plea, the movant had to admit that: (1) he knew that cocaine was being distributed or would be distributed; (2) he knowingly acted in some way to cause, encourage or aid the distribution of cocaine; (3) he intended that cocaine be distributed; and (4) between five and fifty grams of cocaine was involved. *See* Final Jury Instruction Number 12 (criminal docket no. 35). To the extent that the movant now argues that Tindal successfully established a factual basis at the change of plea hearing, the Eighth Circuit Court of Appeals has already decided that the movant's testimony at the change of plea hearing did not provide a sufficient factual basis to accept the attempted plea. *Williams*, 557 F.3d at 560.

Moreover, the record belies the movant's contention that Tindal could have established a factual basis for the plea and was ineffective for failing to establish a factual basis. The movant was unwilling to admit that he was involved with the sale of cocaine at the change of plea hearing, and he testified at trial that he took no part in cocaine sales. *See* Trial Transcript (criminal docket no. 53-1) at 71-78. Throughout both the plea hearing and at trial, the movant maintained that his involvement was limited to selling marijuana. The movant testified at trial that the "first time that [he] understood that crack cocaine was going to be a part of any transaction" was not until after Special Agent Simmons was in the apartment. *Id.* at 72. That the jury did not believe the movant's testimony does not change the fact that the movant was unwilling to admit to his involvement in the sale of cocaine. In his affidavit, Tindal asserts that he could have established a factual basis for the movant's guilty plea because the movant would have agreed that "he knew crack cocaine was going to be sold at this meeting and that was a material reason for the meeting to be arranged." Tindal Affidavit at 2. However, Tindal also states that the movant "was adamant that the cocaine involved was not [the movant's]" and that the movant "was only there to deal with the marijuana and that the cocaine had nothing to do with [the movant]." Tindal Affidavit at 1. Based on the movant's testimony at the change of plea hearing and

7

at trial, the court finds that the movant was unwilling to admit to selling or aiding and abetting the sale of cocaine, and Tindal could not have elicited testimony from the movant that the movant was unwilling to give. Accordingly, Tindal was not ineffective and this argument is without merit.

Second, the movant argues that he should receive the benefits of the Fair Sentencing Act, which increased the quantity of crack necessary to trigger mandatory minimums. Congress enacted the Fair Sentencing Act on August 3, 2010. Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act applies "to the post-Act sentencing of pre-Act offenders." *Dorsey v. United States*, ___ U.S. ___, ___, 132 S. Ct. 2321, 2335 (2012). However, "the Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010." *United States v. Reeves*, 717 F.3d 647, 651 (8th Cir. 2013). On October 4, 2005, a jury convicted the movant. *See* Jury Verdict. The court sentenced the movant on September 19, 2006. *See* Judgment (criminal docket no. 66). On January 7, 2008, the United States Supreme Court granted the movant's Writ of Certiorari and remanded to the Eighth Circuit Court of Appeals. *See Williams v. United States*, 552 U.S. 1091 (2008). On March 2, 2009, the Eighth Circuit remanded for resentencing.[2] Judgment of the U.S. Court of Appeals for the Eighth Circuit (criminal docket no. 97), *United States v. Williams*, 557 F.3d 556, 564 (8th Cir. 2009). On December 3, 2009, the court resentenced the movant. *See* Amended Judgment (criminal docket no. 124). Because the court sentenced the movant before August 3, 2010, the Fair Sentencing Act does not apply to the movant's sentence. Accordingly, this argument is without merit and the movant is not entitled to relief.

---

[2] The Eighth Circuit remanded after the United States Supreme Court decided that a district court does not abuse its discretion if it concludes at sentencing that "the crack/powder disparity yields a sentence 'greater than necessary' to achieve [28 U.S.C.] § 3553(a)'s purposes." *Kimbrough v. United States*, 552 U.S. 85, 110 (2007). The court thus resentenced the movant in light of *Kimbrough*.

8

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in the motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If he desires further review of the motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

(1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

(2) A certificate of appealability is denied.

**DATED** this 14th day of November, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA